IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL SPECK and <br> LAURA CASSIDY-SPECK, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | No.  1:12-cv-1726 |
| vs. | ) <br> ) | |
| PORTFOLIO RECOVERY <br> ASSOCIATES, LLC, | ) <br> ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) <br> ) | |

## COMPLAINT

NOW COME the Plaintiffs, SAMUEL SPECK and LAURA CASSIDY-SPECK, by and through their attorneys, LUXENBURG & LEVIN, LLC, and for their Complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, Plaintiffs allege and state as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiffs are individuals who were at all relevant times residing in Painesville, Ohio.

4. Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiffs to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business in Norfolk, Virginia.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during the calendar year of 2011 in attempts to collect the aforementioned alleged debt.

9. Defendant's agents, representatives and/or employees also placed telephone calls to Plaintiff Samuel Speck's grandfather and father in further attempts to collect the alleged debt. During those calls, Defendant's agents, representatives and/or employees identified the name of the Defendant without having been requested to do so by Plaintiff's grandfather or father. In

2

addition, Defendant's agents, representatives and/or employees disclosed to Plaintiff's grandfather and father that they were attempting to collect an alleged debt from Plaintiff.

10. Defendant's agents, representatives and/or employees had no reason to place telephone calls to Plaintiff's grandfather or father, as Defendant already was in possession of valid contact information for Plaintiff Samuel Speck himself.

11. On or about May 1, 2012, Defendant took two separate withdrawals of $400 from Plaintiff Cassidy-Speck's bank account which were far in excess of the $25 per month which she had agreed could be withdrawn, thereby causing her account to become overdrawn.

12. Subsequent to May 1, 2012, Defendant's agent representative and/or employee representing herself as Mrs. King told Plaintiff that Defendant could take payments automatically from Plaintiff Samuel Speck's military pay and also implied that Defendant could cause trouble with his military security clearance.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt in violation of 15 U.S.C. § 1692b(2);

  c. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

  d. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

  e. Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

  f. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

  g. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

  h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, SAMUEL SPECK and LAURA CASSIDY-SPECK, respectfully pray for a judgment against Defendant as follows:

  a. Statutory damages of $1,000.00 for each Plaintiff for each violation of the FDCPA;

  b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

  c.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

15. Plaintiffs hereby adopt, re-allege and incorporate by reference all allegations set forth above as though fully rewritten here.

16. Defendant's actions in attempting to collect the alleged debt from Plaintiffs as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

17. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

18. Plaintiffs are "consumers" as defined in Ohio Rev. Code § 1345.01(D), as they are persons who engaged in a consumer transaction with a supplier, the Defendant herein.

19. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

20. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

21. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiffs have suffered, and continue to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiffs, SAMUEL SPECK and LAURA CASSIDY-SPECK, respectfully pray for a judgment against Defendant as follows:

a. Statutory damages of $200.00 for each Plaintiff for each violation of the OCSPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiffs hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com